

FILED
MAR 31 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NORMAN GREGORY, JR.,**

    Plaintiff,

v.                                             Civil Action No. **3:13CV64**

**KENNETH STOLLE,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Norman Gregory, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(a) and 1915(e)(2).

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Summary of Allegations

In his Complaint,[2] Gregory claims that Defendants Kenneth Stolle, C.M. Radliff, and Deputy J. Inman violated his Eighth[3] and Fourteenth[4] Amendment rights. (Compl. 2–3, 5, ECF No. 1.) Gregory alleges:

> Claim I. Virginia Beach Correctional Institution ["V.B.C.C."] only provides two meals on weekends, with no supplement to any. Cpl. Radliff on 12/14/12 insist[s] this practice is okay and has ssheriff [sic] approval. This is cruel [and] unusual punishment under the [Eighth] Amendment['s] guidelines in denying proper nutrional [sic] calories.
>
> Claim II. On 12/22/12 Deputy Inman who works laundry at Virginia Beach Correctiona[l] Center stated they do not replace underwear of men coming into

---

[2] The Court has corrected the capitalization in the quotations from Gregory's Complaint.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

3

facility as the sheriff will not approve the costs in jail[']s budget. This practice results in inmates hav[ing] to be naked for weeks until someone gives them help. This is cruel [and] unusual if not inhuman.

Claim III. Sheriff Kenneth Stolle has agreed and accepts money to be a D.O.C. holding facility. However D.O.C. inmates here are being denied the same rights and priviledges [sic] as other D.O.C. inmates with the Sheriff['s] knowledge, this is a clear [Fourteenth] Amendment violation. Where is our underwear, our clothing, our jobs, and access to the law library. Here D.O.C. means Department of Corrections.

(*Id.* at 5.) Gregory names Sheriff Kenneth Stolle, Deputy C.M. Radliff, and Deputy J. Inman as Defendants. (*Id.* at 2–3.) Gregory seeks money damages in the amount of $100.00, and injunctive relief requiring the V.B.C.C. to "feed [three] times on weekends, give underwear to indigent, [and] provide clothing, jobs, and library access to D.O.C. inmates." (*Id.* at 6.)

C. Analysis

1. Request for Injunctive Relief is Moot

Gregory's claims against Defendants Stolle, Radliff, and Inman arose during his incarceration in the V.B.C.C. Gregory, however, notified the Court that as of August 26, 2013, he had been transferred to Wallens Ridge State Prison. (ECF No. 8.) "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). Gregory fails to allege facts that suggest his claims for injunctive relief against Defendants Stolle, Radliff, and Inman remain viable. Accordingly, Gregory's request for injunctive relief will be DISMISSED AS MOOT.

4

### 2. Eighth Amendment Claims (Claims One and Two)

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those

general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

In Claim One, Gregory alleges that the V.B.C.C. "only provides two meals on weekends, with no supplement to any." (Compl. 5.)[5] Gregory fails to satisfy either the objective or subjective component of his Eighth Amendment claim.

"Allegations of inadequate food for human nutritional needs . . . [may be] sufficient to state a cognizable constitutional claim, so long as the deprivation is serious . . . ." *King v. Lewis*, 358 F. App'x 459, 460 (4th Cir. 2009) (citing *Wilson*, 501 U.S. at 294). In determining whether an Eighth Amendment violation has occurred, "[c]ourts consider the amount and duration of the deprivation of food." *Lockamy v. Rodriguez*, 402 F. App'x 950, 951 (5th Cir. 2010) (citation omitted) (finding deprivation of six meals in fifty-four hour period insufficient to state a claim absent allegation of injury as a result of missing meals); *see also Berry v. Brady*, 192 F.3d 504, 506–08 (5th Cir. 1999) (finding deprivation of eight meals over seven-month period insufficient to state an Eighth Amendment claim because no specific allegations of physical harm). However, Gregory's general allegation that the institution only provides two meals on weekends, with no "suggestion of any deleterious physical or mental effects from this meal schedule," fails

---

[5] While it is unclear whether Gregory alleges that he only receives two meals in a weekend or two meals a day on the weekends, Gregory's request for injunctive relief asking to instead be fed three meals indicates he clearly receives two meals a day, but desires three.

to suggest a sufficiently serious deprivation. *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (concluding that two meals a day on weekends, "simply does not rise to the level of 'serious or significant physical or mental injury'"); *see Berry*, 192 F.3d at 507 (recognizing that "[e]ven on a regular, permanent basis, two meals a day may be adequate" (citing *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986))); *De'Lonta*, 330 F.3d at 634 (quoting *Strickler*, 989 F.2d at 1381). Gregory neither claims that he has lost weight or that he suffered from other adverse physical effects, nor has he alleged facts suggesting a substantial risk to his health. *Berry*, 192 F. 3d at 508. Gregory's bare allegations about limited meals on weekends fail to suggest the requisite level of seriousness for an Eighth Amendment claim. *See Strickler*, 989 F. 2d at 1381 n.9.

Gregory also fails to allege facts that indicate that Deputy Radliff or Sheriff Stolle knew of and disregarded an excessive risk to Gregory's health. *See Farmer*, 511 U.S. at 837. Gregory's vague allegations fall short of permitting the conclusion that his complaints placed Defendants on sufficient notice of an excessive risk to Gregory's health or safety. *See Parrish*, 372 F.3d at 303; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). As such, Gregory's vague factual allegations against Deputy Radliff and Sheriff Stolle fail to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 683) (some internal quotation marks omitted). Thus, Gregory fails to state an Eighth Amendment claim. Accordingly, Claim One will be DISMISSED.

In Claim Two, Gregory alleges that Deputy Inman refused to provide him with replacement underwear. This deprivation fails to satisfy either the objective or subjective component of an Eighth Amendment claim. The Supreme Court has stated that "[t]he Constitution, . . . . 'does not mandate comfortable prisons,' and only those deprivations denying

7

'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (internal citations omitted). Underwear is not a life necessity. *See Burnett v. Kansas*, 485 F. App'x. 288, 289 (10th Cir. 2012) (finding temporary lack of underwear fails to implicate the Eighth Amendment); *Chambers v. Simonet*, No. 94–1566, 1995 WL 330903, at *1–2 (10th Cir. May 25, 1995) (holding that the jail's refusal to issue shower shoes and a change of socks and underwear for a week is not a violation of the Eighth Amendment). Further, Gregory fails to allege that he suffered any injury, much less a serious or significant physical or emotional injury, as the result of the institution's refusal to provide new underwear.[6] *See De 'Lonta*, 330 F.3d at 634 (quoting *Strickler*, 989 F.2d at 1381).

Gregory also fails to allege facts that indicate that Deputy Inman knew of and disregarded an excessive risk to Gregory's health. *Farmer*, 511 U.S. at 837. Gregory's allegation that he asked Deputy Inman for new underwear, and Deputy Inman refused and informed him that the jail does not provide new underwear to inmates, falls short of permitting the conclusion that his complaint placed Deputy Inman on sufficient notice of an excessive risk to Gregory's health or safety. *See Parrish*, 372 F.3d at 303; *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). Accordingly, Claim Two will be DISMISSED.

---

[6] Gregory makes the illogical assertion that because the prison officers deprive inmates of new underwear, the prisoners therefore have "to be naked for weeks until someone gives them help." (Compl. 5.) This Court has "the power to dismiss *in forma pauperis* complaints that are either frivolous or malicious." *White*, 1 F.3d at 269. A complaint is frivolous "'where it lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke*, 490 U.S. at 325). A complaint lacks an arguable basis in fact where "'the facts alleged rise to the level of the irrational or the wholly incredible.'" *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Gregory's allegation that by not receiving new underwear, the prison forces him "to be naked," is both wholly irrational and incredible.

### 3. Fourteenth Amendment Claim (Claim Three)

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Gregory must allege that: (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Gregory argues, in sum, that "D.O.C. inmates here are being denied the same rights and priviledges [sic] as other D.O.C. inmates with the Sheriff['s] knowledge, this is a clear [Fourteenth] Amendment violation. Where is our underwear, our clothing, our jobs, and access to the law library." (Compl. 5.)

First, Gregory identifies no comparator inmate. On this basis alone, he fails to state an equal protection claim. Moreover, to the extent Gregory argues that state inmates housed in state prisons receive differential treatment from state inmates such as Gregory housed in local jails, Gregory fails to demonstrate that he is similarly situated to those inmates housed in the state facilities. *Khaliq v. Angelone*, 72 F. App'x 895, 897, 899–901 (4th Cir. 2003) (state inmate housed in local jail alleging "inferior conditions" and being "denied programs and opportunities" available to inmates housed in state facility not similarly situated for equal protection claim); *Strickler*, 989 F.2d at 1389 (same). Instead, "the class to which [an inmate] belongs consists of the persons confined as he was confined, subject to the same conditions to which he was subject." *Moss v. Clark*, 886 F.2d 686, 691 (4th Cir. 1989) (internal quotation marks omitted) (citations omitted). In this case, Gregory is only similarly situated to state inmates housed in

9

local jails. Because Gregory fails to identify a similarly situated comparator inmate, his equal protection claim fails. Accordingly, Claim Three will be DISMISSED.

### D. Conclusion

Accordingly, the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 3-30-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

10